UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,      :
     :
              Plaintiff,      :
     :     **REPORT AND RECOMMENDATION**
        - against -      :
     :     No. 19 Civ. 4501 (ENV) (VMS)
RAYWATTIE KUMAR,      :
     :
           Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff, United States of America (the "Government"), commenced this action pursuant to 26 U.S.C. § 7402 to recover unpaid tax liabilities from defendant Raywattie Kumar ("Defendant") for tax period ending December 31, 2008. Defendant has not filed an answer or responded in any way to the complaint. The Government has moved for a default judgment against Defendant seeking $798,658.88, plus statutory additions from and after May 20, 2020.

The Government's motion is now before this Court on referral from the Honorable Eric N. Vitaliano. For the reasons stated below, this Court respectfully recommends that a default judgment be entered in favor of the Government in the amount of $798,658.88, plus prejudgment interest from May 20, 2020.

## I.    BACKGROUND

The Government filed the complaint with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, as required under 26 U.S.C. § 7401. See ECF No. 1 at 1. According to the Government, Defendant failed to pay her full federal tax liabilities for the tax period ending December 31, 2008. See id. ¶ 3.

Therefore, Defendant was assessed for the unpaid taxes, penalties,[1] and interest, totaling $765,999.06 as of June 3, 2019.  See id. ¶ 3.  Defendant was given notice of the assessment, and payment was demanded from Defendant.  See id. ¶ 4.  Despite notice and demand, Defendant failed, neglected or refused to pay the alleged federal income tax liabilities at issue.  See id. ¶ 5.

The Government also alleged that, for the 2008 tax year, Defendant filed a tax return containing fictitious interest income, fictitious withholding and an overstated interest deduction. See id. ¶¶ 6-8 (citing 26 U.S.C. § 6702).  The tax return allegedly did not contain information on which the substantive correctness of the self-assessment may be judged and contained information that indicated that the self-assessment was substantially incorrect.  See id.  On July 11, 2011, Defendant was assessed a civil penalty in the amount of $5,000.00 which, after accounting for accruals and costs, has an unpaid balance of $1,827.55 as of June 3, 2019.  See id. ¶ 8.  Defendant was given notice of the assessment, and payment was demanded from Defendant. See id. ¶ 9.  Despite notice and demand, Defendant failed, neglected or refused to pay the alleged federal income tax liabilities at issue.  See id. ¶ 10.

The Government served Defendant a copy of the summons and complaint at 168-27a 105th Avenue, Jamaica, New York 11433.  See ECF No. 5.  Defendant did not answer or otherwise respond to the complaint.  This Court noted Defendant's failure to respond to the complaint and directed the Government to seek a certificate of default.  See Dkt. Order 1/29/2020.  The Government timely requested and obtained a certificate of default from the Clerk of Court.  See ECF Nos. 6-7.

More than four months after the Clerk's issuance of certificate of default, the Government moved for default judgment.  See ECF No. 8.  The motion was referred to this

---

[1] The Government assessed late-filing and late-payment penalties under 26 U.S.C. § 6651.

Court by the Honorable Eric N. Vitaliano.  On December 18, 2020, this Court issued a scheduling Order directing the Government to appear for a telephone conference to discuss issues relating to the motion and directing the Government to submit a letter addressing whether the motion complied with Local Civil Rules 55.2(b) and (c).  See Dkt. Entry 12/18/2020.   A copy of the scheduling Order was mailed to Defendant.  See id.  In compliance with the Court's directive, the Government filed a letter stating, inter alia, that the Government had complied with Local Civil Rules 55.2(b) and (c).  In light of the Government's submission, this Court cancelled the telephone conference and requested that the Government notify Defendant of the cancellation.  See Dkt. Order 1/15/2021.

On January 25, 2021, this Court issued a status report Order directing the Government to file a certificate of service regarding the Government's compliance with Local Civil Rules 55.2(b) and (c).  See Dkt. Order 1/25/2021.  The Court also gave the Government leave to amend its proof of service on Defendant as permitted under Federal Rule of Civil Procedure 4(l)(3).  See id.  On January 29, 2021, the Government submitted a certificate of service stating that documents, including the complaint and certificate of default, were mailed by first class mail to Defendant at 168-27a 105th Avenue, Jamaica, New York 11433.  See ECF No. 11.  On February 24, 2021, the Government submitted supplementary briefing addressing the proof of service of process on Defendant.[2]  See ECF No. 15.

___

[2] On February 2, 2021, the Government requested an extension of time to file the amended proof of service.  See ECF No. 13.  Such request was granted.  See Dkt. Order 2/3/2021.  On February 5, 2021, the Government submitted an amended proof of service.  See ECF No. 14.  This Court held a follow-up telephone conference with the Government regarding the issues of proof of service.  See Dkt. Scheduling Order 2/9/2021; Dkt. Entry 2/10/2021.  On the record, the Government made a request for leave to submit supplemental briefing addressing the issues of proof of service, and such request was granted.  See Dkt. Status Report Order 2/10/2021.

Despite having been given multiple opportunities and ample time, Defendant never answered or otherwise responded to the complaint, failed to oppose the Government's motion for a default judgment, and did not contact the Court regarding this action.

## II.    DISCUSSION

### A.  The Applicability Of Rule 55(b)(1)

The Government's original motion for default judgment was made "[p]ursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York[.]"  See ECF No. 8 at 1.  Almost seven months later, in response to this Court's Order directing the Government to address whether the motion complied with the requirements of Local Civil Rule 55.2(b) and (c), the Government contended for the first time that Rule 55(b)(1) of the Federal Rules of Civil Procedure ("FRCP" or "Rule") and Local Civil Rule 55.2(a) are also applicable to this case because the Government seeks payment of a sum certain.  See ECF No. 10 at 1.  The Government's belated argument is rejected on two grounds.

First, even assuming that the Government's motion could be deemed as amended to include a request for default judgment under Rule 55(b)(1),[3] the Government's contention would create an inconsistency.  Rule 55(b) provides two methods for entering a default judgment: by the clerk or by the court.  See Fed. R. Civ. P. 55(b).  "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request . . . must enter judgment for that amount and costs[.]"  Fed. R. Civ. P. 55(b)(1).; see, e.g., Am. Home

_____

[3] The Government sought leave to amend its motion to seek default judgment under Local Civil Rule 55.2(a) or, in the alternative, requested that the motion be deemed amended to include such ground for relief.  See ECF No. 10 at 1 n.1.  For the reasons discussed herein, such amendment would be futile.

4

Mort. Corp. v. Am.'s Choice Mktg., Inc., No. 07 Civ. 384 (JS) (AKT), 2008 WL 919598, at *4 (E.D.N.Y. Mar. 20, 2008) (granting default judgment for sum certain in breach of contract case based on affidavits and declarations showing the principal amount due and owing plus interest and costs).  For all other cases, i.e., cases in which damages sought are not for a sum certain, entry of a default judgment must be by the court.  See Fed. R. Civ. P. 55(b)(2); see J&J Sports Prods. v. Tequilitas 2, Inc., No. 18 Civ. 2131 (BMC), 2019 WL 919551, at *1 (E.D.N.Y. Feb. 25, 2019) ("[W]here the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.") (citation & internal quotation marks omitted).  If the Government were to seek relief under both provisions of Rule 55(b), the Government would be characterizing its claim for damages as both "sum certain" and "sum not certain."  "The case is either for a sum certain or not, and the party must choose one of the two mutually exclusive procedures offered by the rule."  Charles Alan Wright & Arthur R. Miller, 10A Fed. Prac. & Proc. Civ. § 2684 (4th ed. 2019) (citation omitted).  That is, to avoid inconsistency, the Government would have to proceed with its original motion for default judgment brought pursuant to Rule 55(b)(2), or it would need to withdraw the motion and bring a second motion for default judgment pursuant to Rule 55(b)(1).  Because the Government did not withdraw its original motion, it is appropriate to analyze the Government's motion for default judgment under Rule 55(b)(2).

Second, courts within this District have analyzed the Government's motion for default judgment to recover unpaid tax liabilities under Rule 55(b)(2).  See, e.g., United States v. Myers, 236 F. Supp. 3d 702, 709 (E.D.N.Y. 2017) (analyzing the Government's entitlement to damages pursuant to Rule 55(b)(2)); United States v. Silverman, No. 15 Civ. 22 (DRH) (SIL), 2017 WL 745732, at *5 (Feb. 3, 2017) (same), R&R adopted, 2017 WL 744573 (E.D.N.Y. Feb. 24, 2017);

United States v. McDermott, No. 12 Civ. 4440 (DRH) (AKT), 2014 WL 1272566, at *6 (Feb. 14, 2014) (same), R&R adopted 2014 WL 917267 (E.D.N.Y. Mar. 10, 2014).  The Government has not offered a compelling reason to deviate from this practice or shown how this case may be distinguishable so as to warrant application of Rule 55(b)(1).

As such, this Court rejects the Government's contention that Rule 55(b)(1) and Local Civil Rule 55.2(a) are applicable to this case and will analyze the motion for default judgment under Rule 55(b)(2) and Local Civil Rule 55.2(b).

### B.  Legal Standard On A Motion For Default Judgment

Rule 55 establishes a two-step procedure by which a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a).  Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded.  See Fed. R. Civ. P. 55(b).  District courts have "sound discretion" to grant or deny a motion for default judgment.  See Enron Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard").  The Court must therefore ensure that (1) a plaintiff satisfied all required procedural steps in moving for default judgment, see Local Civ. R. 55.2; and (2) a plaintiff's allegations, when

accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

### C.  The Procedural Requirements

The Court should find that the Government has met the procedural requirements for entry of default judgment.  Looking to the service, this Court respectfully recommends nunc pro tunc correcting the Government's failure to file a proof of service within the allotted 20-day period and finding that service of process was properly effectuated on Defendant.  Although the Government failed to strictly comply with the requirements under Local Rule 55.2(b) and (c), this Court also respectfully recommends overlooking the Government's noncompliance in this case.  The Government complied with the Servicemembers Civil Relief Act to allow a default judgment against Defendant.

### 1.    Service Of Process

A court may not enter default judgment "unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process."  U.S. Flour Corp. v. Certified Bakery, Inc., No. 10 Civ. 2522 (JS) (WDW), 2012 WL 728227, at *4 (E.D.N.Y. 2012) (internal quotation marks & citation omitted); cf. DeMartino v. Rivera, 148 A.D.2d 568, 569 (2d Dep't 2009) ("It is well settled that where service of process has been improperly effected, any resulting default judgment is a nullity.").  Thus, "[e]ven where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment."  Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc., No. 13 Civ. 4590 (JS) (GRB), 2014 WL 6606402, at *2 (Aug. 4, 2014), R&R adopted, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014)

(citations & internal quotation marks omitted); see Palmieri v. Town of Babylon, 277 F. App'x 72, 74 (2d Cir. 2008) ("[I]t was not an abuse of discretion for the district court to resolve against plaintiff the doubts as to whether service on the individual defendants complied with [New York law], and whether service on [defendant] took place at all.").  "Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process."  Sik Gaek, Inc. v. Yogi's II, Inc., 682 F. App'x 52, 54 (2d Cir. 2017).  To prove proper service, "the server should disclose enough facts to demonstrate the validity of service."  Charles Alan Wright & Arthur R. Miller, 4B Fed. Prac. & Proc. § 1130 (4th ed. 2019); see Fed. R. Civ. P. 4(l)(1).  Although a process server's affidavit is prima facie evidence of proper service, see Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002), to qualify as satisfactory proof of proper service, the affidavit must disclose essential facts, see Wright & Miller § 1130 nn. 6-7 (identifying date of service, manner of service, place of service, and documents served to be examples of essential facts); Columbia Pictures Indus., Inc. v. Cap King, No. 08 Civ. 4461 (NGG) (RML), 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010) (holding that a default judgment was inappropriate where the marshal's return did not specify the documents that the marshals served on the defendants).

According to the Government, service of process on Defendant was properly effectuated under both Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure ("FRCP" or "Rule") and Section 308(2) of the New York Civil Practice Law and Rules ("CPLR").  See ECF No. 8-1 at 2-3.  Rule 4(e)(2)(B) states that an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B).  Section 308(2) of the CPLR

requires (i) leaving a copy of the summons and complaint with a "person of suitable age and discretion" at the defendant's "actual place of business, dwelling place or usual place of abode"; (ii) mailing within 20 days a copy of the summons and complaint to the defendant's "last known residence or [] actual place of business" by "first class mail . . . in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served"; and (iii) filing proof of such service with the clerk of the Court within 20 days of either delivery or mailing, whichever occurs later.  N.Y. C.P.L.R. § 308(2).

Here, the record fails to establish that the Government properly effectuated service of process on Defendant pursuant to the requirements of Rule 4(e)(2)(B).  According to the affidavit of Leslie Nielsen, on August 29, 2019, the Government served Defendant at "168-27a 105th Avenue, Jamaica, New York 11433," Defendant's "place of abode," by leaving copies of the summons and complaint with "C.C. as DAUGHTER," a "SUITABLE AGE PERSON."  See ECF No. 5.  The affidavit failed to disclose whether "C.C. as DAUGHTER" also resided at the place of service.  See, e.g., Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 717 (S.D.N.Y. 1993) (finding that service of papers on recipient who was of suitable age and discretion was insufficient to effectuate service since nothing indicated that recipient was residing in defendant's apartment); United States v. Rose, 437 F. Supp. 2d 1166, 1172 (S.D. Cal. 2006) ("Where substitute service is used, the person with whom the summons is left must also be a resident of the 'usual place of abode.'") (citation omitted); Buckeye Cablevision, Inc. v. Kynard, No. 03 Civ. 7704 (JGC) (DAK), 2004 WL 1490440, at *1 (N.D. Ohio May 3, 2004) (vacating default for improper service under Rule 4(e)(2) where process server failed to assert that either mother or sister, with whom process was left, was "then residing" at the place of

service).  The Government supplemented the affidavit with the results of a public records search, which showed that "C.C.," a female, resided in the household located at "16827 105th Avenue, Jamaica, New York" along with three individuals: Ramdeo Chandar, Nelly Chandar and Raywattie Chandar.  See id.  The Government contends that the public record proves that the service of process on Defendant complied with Rule 4(e)(2)(B).  This Court disagrees.  The record does not explain the relationship between Defendant Raywattie Kumar and "Raywattie Chandar."  The record also fails to address whether there is a difference between an abode at 168-27a 105th Avenue and an abode at "16827 105th Avenue, Jamaica, New York."  The public record, on its face, thus fails to establish that "C.C." resided at 168-27a 105th Avenue, Defendant's place of abode, at the time Leslie Nielsen attempted to serve Defendant.  This Court also disagrees with the Government's argument that a minor, as a matter of law, may be presumed to reside at the same place of abode as his or her parent.  See ECF No. 15 at 6-7.  None of the cases relied on by the Government supports such contention.  See Azuma N.V. v. Sinks, 646 F. Supp. 122, 124 (S.D.N.Y. 1986) (denying motion to dismiss for inadequate service of process where defendant did not challenge the service of process on his son at his residence, which complied with Rule 4(d)(1)); De George v. Mandata Poultry Co., 196 F. Supp. 192, 194 (E.D. Pa. 1961) (addressing whether sixteen-year-old was a person qualified to receive process under Rule 4).

Yet, this Court finds reasons to recognize the Government's service of process on Defendant pursuant to CPLR Section 308(2).  According to the amended affidavit of service, in addition to serving copies of the summons and complaint on "C.C." at 168-27a 105th Avenue, Jamaica, New York 11433, copies of the summons and complaint were mailed, by first class mail, to the same address in a postpaid envelope bearing the words "Personal & Confidential"

and not indicating on the outside thereof that the communication was from an attorney or

concerned an action.  See ECF No. 5; ECF No. 14-1.[4]  The delivery and the mailing occurred on

the same day: August 29, 2019.  See id.  In error, the original affidavit of service of Leslie

Nielsen was not filed until October 10, 2019, more than 20 days after the delivery and the

mailing.  See ECF No. 5.  CPLR Section 308(2) requires any proof of service to be filed within

twenty days of the delivery or mailing, whichever is effected later.  See N.Y. C.P.L.R. § 308(2);

Miss Jones, LLC v. Viera, No. 18 Civ. 1398 (NGG) (SJB), 2019 WL 926670, at *4 (Feb. 5,

2019) (finding that Clerk's default against defendant must be vacated where plaintiff served

defendant under Section 308(2) but failed to timely file proof of service), R&R adopted, 2019

WL 955279 (E.D.N.Y. Feb. 26, 2019); Komanicky v. Free, 28 N.Y.S.3d 648, 2015 WL

5726298, at *2 (N.Y. Sup. Ct. Broome Cnty. Sept. 3, 2015) (noting that failing to perform steps

under CPLR 308(2) constitutes "a jurisdiction defect"); Nalodka v. Nalodka, 969 N.Y.S.2d 804,

2013 WL 1115760, at *3 (N.Y. Sup. Ct. Kings Cnty. Mar. 19, 2013) (finding that service was

not properly effectuated under CPLR 308(2) where affidavit of service was not filed within 20

days of the mailing date).  The Government does not deny its failure to timely file its proof of

service, but it argues that the delay should not be fatal to its claim.  This Court agrees and finds

---

[4] The original affidavit of service of Leslie Nielsen did not disclose whether the envelope for mailing did not indicate that the communication was from an attorney or concerned an action against the person to be served.  See, e.g., McCray v. Petrini, 622 N.Y.S.2d 815, 816 (N.Y. App. Div. 2d Dep't 1995) ("[I]t is well-established that CPLR 308(2) requires strict compliance."); Roesch v. Sullivan, No. 15 Civ. 247 (PAE) (HBP), 2016 WL 11484171, at *7 (Aug. 31, 2016) ("Service pursuant to Section 308(2) is insufficient unless both the delivery and the mailing take place as required by the statute."), R&R adopted, 2016 WL 4573991 (S.D.N.Y. Aug. 31, 2016).  Some courts have held that delivery to a defendant's last known residence excuses compliance with the requirement that the envelope not indicate that the communication concerns a lawsuit is a jurisdictional defect.  See, e.g., Ridgeway v. St. John's Queens Hosp., 199 A.D.2d 490, 490-91 (2d Dep't 1993).  In any event, such defect was remedied when the Government amended the affidavit of service.  See ECF No. 14-1.

reasons to overlook the Government's failure to timely file its proof of service.  First, the Government complied with all other requirements set forth in CPLR Section 308(2).  See ECF No. 5; ECF No. 14-1.  Second, courts have recognized that the filing of proof service is not a jurisdictional requirement but "merely regulates the time within which the defendant must appear in the action."  Vincent C. Alexander, N.Y. C.P.L.R. § 308, Supplementary Prac. Comments. § 308:3(e) (2020) (citing cases).  Here, although both delivery and mailing of the summons and complaint occurred in August 2019, the Government did not request a certificate of default against Defendant until more than 110 days passed from the date of filing proof of service. Compare ECF No. 5 with ECF No. 6.  Nonetheless, Defendant has not answered, appeared, or otherwise participated in this action for over a year and a half.  Defendant's response time was not prejudiced in any way by the Government's late filing of the proof of service.  As noted in Maldonado v. Arcadia Business Corp., 14 Civ. 4129 (DLI) (RML), 2015 WL 12791329, at *3 (E.D.N.Y. Aug. 27, 2015), failure to file proof of service within the 20-day period allotted by CPLR 308(2) may be corrected by an order nunc pro tunc as long as no prejudice arises to the defendant.  See id. (citations omitted) (exercising discretion to correct error in filing proof of service and finding that plaintiff properly effectuated service of process).  As such, this Court respectfully recommends that the Court correct the Government's failure to timely file its proof of service nunc pro tunc and find that the Government complied with the requirements for service of process under CPLR 308(2).

### 2.    Local Civil Rules

Where the movant is represented by counsel . . . a motion for default judgment must follow the procedure for entry of default judgment as set forth in Rule 55, Local Civil Rule 55.2, and the judge's individual rules.  See, e.g., Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ.

5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("Bhagwat II") ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."); Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ. 5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("Bhagwat I") (requiring motion for default judgment to adhere to Local Rules and judge's individual rules); Kuruwa v. Meyers, 823 F. Supp. 2d 253, 256 (S.D.N.Y. 2011) ("In light of the default imposed under Rule 37, we follow the procedure for entry of a default judgment as set forth in Fed. R. Civ. P. 55."); RLI Ins. Co. v. May Const. Co., No. 09 Civ. 7415 (PKC), 2011 WL 1197937, at *3-4 (S.D.N.Y. Mar. 22, 2011) (considering whether plaintiff's motion complied with Rule 55 and Local Rule 55.2 after entering default judgment pursuant to Rule 37); Lemus v. Manhattan Car Wash, Inc., No. 06 Civ. 15486 (MHD), 2010 WL 4968182, at *7 (S.D.N.Y. Nov. 24, 2010) (same). Failure to comply with Local Civil Rule 55.2 warrants denial of the motion for default judgment. See, e.g., United States v. Golfinopoulos, No. 15 Civ. 3220 (ENV) (VMS), ECF No. 9, Memorandum and Order dated February 3, 2016 (denying plaintiff's motion for default judgment without prejudice because plaintiff failed to comply with Local Rules).

Local Civil Rule 55.2(b) of the United States District Courts for the Southern and Eastern Districts of New York requires that a party seeking default judgment "append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Local Civ. R. 55.2(b). See, e.g., Lynam v. Behr, No. 05 Civ. 2126 (SJF) (MLO), 2006 WL 8439612, at *2 (E.D.N.Y. Jul. 6, 2006) (denying motion for default judgment for failure to comply with Local Civil Rule 55.2(b)); Candelaria v. Erickson, No. 01 Civ. 8594 (LTS) (RLE), 2005 WL 1529566, at *14 (S.D.N.Y. June 28, 2005) (same). "The fact that some of these items may be found electronically, scattered on the docket,

does not absolve a movant[] of the obligation to collect and append copies to the moving

papers." Bhagwat I, 2015 WL 13738456, at *1 (denying plaintiff's motion for default judgment

without prejudice where plaintiff failed to comply with Local Civil Rule 55.2(b)).

 Local Civil Rule 55.2(c) requires that "all papers submitted to the Court pursuant to

Local Civil Rule [55.2(b)] shall simultaneously be mailed to the party against whom a default

judgment is sought at the last known residence of such party (if an individual) or the last known

business address of such party (if a person other than an individual). Proof of such mailing shall

be filed with the Court." Local Civ. R. 55.2(c). Service of the motion on non-appearing

defendants is of particular importance because "mailing notice of such an application is

conducive to both fairness and efficiency[.]" Committee Note, Local Civ. R. 55.2; see

Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co., No. 08 Civ. 5070 (DLI) (CLP), 2011 WL

4543877, at *20 (Sept. 9, 2011) (noting the Local Rules relating to default provide more

protection for non-appearing defendants than the Federal Rules of Civil Procedure in order to

promote fairness and efficiency), R&R adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).

 The court's discretion to grant or deny a motion for default judgment includes the "broad

discretion to determine whether to overlook a party's failure to comply with local court rules."

Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). Courts have excused a movant's

failure to strictly comply with the Local Civil Rules if a defendant received fair notice of the

motion for default judgment. See, e.g., Annuity, Welfare & Apprenticeship Skill Improvement

& Safety Funds of the Int'l Union of Operating Eng'rs, Local 15, 15A, 15C, & 15D, AFL-CIO v.

Coastal Env't Grp. Inc., No. 18 Civ. 5791 (LDH) (SJB), 2019 WL 5693916, *3 n.7 (Aug. 30,

2019) (excusing plaintiff's omission of copies of certificate of default and proposed form of

default judgment where noncompliance was minor and did not prevent defendant from receiving

notice of motion), <u>R&R adopted</u>, Docket Order (E.D.N.Y. Mar. 31, 2020); <u>RLI Ins.</u>, 2011 WL 1197937, at *4 (granting default judgment as to liability where plaintiff failed to submit certificate of default because defendants were served with default motion papers); <u>In re Supreme Specialties, Inc.</u>, 330 B.R. 40, 47 (S.D.N.Y. 2005) (weighing "rigid adherence to [Local Civil Rules] against the "efficient administration of justice" and finding that it is appropriate to overlook procedural flaws in favor of deciding on the merits of a motion for default judgment) (citation & internal quotation marks omitted).

Here, the Government failed to comply with Local Civil Rule 55.2(b).  The Government's submission in support of motion for default judgment did not include a copy of the Clerk's certificate of default or a copy of the complaint.  <u>See generally</u> ECF No. 8.  This omission is sufficient to warrant denial of a motion for default judgment.  <u>See, e.g.</u>, <u>Bhagwat I</u>, 2015 WL 13738456, at *1 (denying plaintiff's motion for default judgment without prejudice where plaintiff failed to comply with Local Civil Rule 55.2(b)); <u>Lynam</u>, 2006 WL 8439612, at *2 (same); <u>Candelaria</u>, 2005 WL 1529566, at *14 (denying plaintiff's motion for default judgment for failure to comply with Local Civil Rule 55.2(b) and judge's individual rules).  The Government also failed to comply with Local Civil Rule 55.2(c) because the Government's initial mailing of default judgment papers to Defendant did not include a copy of the Clerk's certificate of default or a copy of the complaint.  <u>See</u> ECF No. 9.  Such omission was likely an extension of the fact that the Government's motion did not include those papers.  Failure to strictly comply with Local Civil Rule 55.2(c) is also a sufficient ground for denying a motion for default judgment.  <u>See, e.g.</u>, <u>United States v. Hamilton</u>, No. 18 Civ. 2011 (ADS) (SIL), 2019 WL 6830318, at *2-3 (Nov. 26, 2019), <u>R&R adopted</u>, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019) (denying plaintiff's motion for default judgment for failure to comply with Local Civil

55.2(c)) (collecting cases); <u>Allstate Ins. Co. v. Abramov</u>, No. 16 Civ. 1465 (AMD) (SJB), 2019 WL 1177854, at \*3 (Feb. 21, 2019), <u>R&R adopted</u>, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (same).

      Nonetheless, this Court respectfully recommends excusing the Government's failure to strictly comply with Local Civil Rule 55.2 for two reasons.  First, the Government's submission in support of the motion for default judgment, even without a copy of the complaint, provided sufficient notice of the claims asserted against Defendant.  <u>Compare</u> ECF No. 1 <u>with</u> ECF No. 8. Indeed, the notice of motion summarized the allegations set forth in the Government's complaint: Defendant owes income tax liabilities for the tax period ending December 31, 2008, in the amount of $796,739.74 as of May 19, 2020, and Defendant owes unpaid civil penalties assessed for the tax period ending December 31, 2008, in the amount of $1,919.14 as of May 19, 2020.  <u>See</u> ECF No. 8 at 1.  Second, the Government's noncompliance was corrected on or about December 22, 2020, when the Government served, via first class mail, all of the necessary documents including the certificate of default and complaint to Defendant at her home address. <u>See</u> ECF No. 10 at 2; ECF No. 11.  As such, any potential harm to Defendant arising from lack of notice before was remedied.  Despite Defendant's mailing of the papers more than 60 days ago, Defendant has not contacted the Court, made an appearance, or opposed the Government's motion to date.  Accordingly, this Court finds that the Government's failure to comply with the Local Civil Rules does not prejudice Defendant.

      For the foregoing reasons, this Court respectfully recommends overlooking the Government's failure to strictly comply with the requirements of Local Civil Rule 55.2(b) and (c).

### 3. The Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act (the "Act") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit."  50 U.S.C. § 3931(A); see Bhagwat I, 2015 WL 13738456, at *1 (denying motion for default judgment where plaintiff, among other things, failed to include in their motion papers a certification that the individual defendant is not a servicemember); Uribe v. Nieves, No. 17 Civ. 5155 (RRM) (RER), 2018 WL 4861377, at *1-2 (E.D.N.Y. Sept. 26, 2018) (noting that the affidavit may not be based on conclusory statements). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered."  Pruco Life Ins. Co. of N.J. v. Estate of Locker, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (internal citations omitted).  "The court lacks the power to excuse compliance with the statute." Uribe, 2018 WL 4861377, at *1.

Here, the Government satisfied the requirements under the Act.  The affidavit of service of Leslie Nielsen properly represented that Defendant was not a servicemember after the commencement of this action.  See ECF No. 5; ECF No. 14-1.  Such representation was based on the inquiry of "party served," i.e. "C.C. as DAUGHTER."  See ECF No. 5; ECF No. 14-1.  The Declaration of Marie E. Wicks, Esq., also properly represented that Defendant was not a servicemember after her default in appearance in this action.  See ECF No. 8-3; ECF No. 12. Such representation was based on a report from the Department of Defense Manpower Data Center website, which confirmed that Defendant is not on active duty.  See id. ¶ 2.

As all of the procedural requirements of entering a default judgment have been satisfied, it is appropriate to consider whether the Government meets the substantive requirements for entry of default judgment.

### D. The Substantive Requirements

When determining whether to grant a default judgment, the Court is guided by three factors: (i) whether the defendant's default was willful; (ii) whether defendant has a meritorious defense to plaintiff's claims; and (iii) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. See Swarna v. Al-Awadi, 622 F.3d 123, 142 (2d Cir. 2010) (analyzing the three factors in the context of vacating a default judgment); Enron Oil, 10 F.3d at 96 (noting that the factors for default judgment and setting aside default judgment are the same, but that the factors are applied "more rigorously" in the case of entering default judgment "because the concepts of finality and litigation repose are more deeply implicated") (citations omitted). All three factors necessary to enter a default judgment have been satisfied.

### 1. Willfulness

First, the Court considers whether Defendant's default in this case was willful. A defendant's failure to appear or respond equates to a willful default. See S.E.C. v. McNulty, 137 F.3d 732, 738-39 (2d Cir. 1998) (holding that defendant's non-appearance and failure to respond equated to willful conduct). The Government argues that Defendant's failure to appear in this case or answer the complaint notwithstanding proper service demonstrates a willful default. See ECF No. 8-1 at 4. Here, as discussed above, the Government has demonstrated that Defendant was properly served with process through a person of suitable age and discretion at Defendant's place of abode and a follow-up mailing. See ECF No. 5; ECF No. 14-1. Despite proper service,

Defendant neither answered nor responded to the complaint, nor did Defendant contact the Court to request an extension of time to respond.  The Government mailed Defendant the default judgment papers on June 17, 2020, and again on December 22, 2020.  See ECF No. 9; ECF No. 11.  Despite such notice of the motion against her, Defendant has not responded to the Government's motion or otherwise appeared in this action.  This Court also mailed to Defendant copies of a scheduling Order, the docket, the complaint and the default judgment papers, see Dkt. Scheduling Order 12/18/2020, but no word was received from Defendant.  Based on these circumstances, this Court finds that Defendant's failure to appear or respond in this case sufficiently demonstrates willfulness.

## 2.    Meritorious Defense

Next, this Court considers whether Defendant has a meritorious defense.  In order to make a sufficient showing of a meritorious defense, the defendant must "present evidence of facts that, if proven at trial, would constitute a complete defense."  McNulty, 137 F.3d at 740 (citations & internal quotation marks omitted).  "Where a defendant has not filed an answer, there is no evidence of any defense."  Augustin v. Apex Fin. Mgmt., No. 14 Civ. 182 (CBA) (VMS), 2015 WL 5657368 at *4 (July 27, 2015) (citation & internal quotation marks omitted), R&R adopted, 2015 WL 7430008 (E.D.N.Y. Nov. 23, 2015); see Empire State Carpenters Welfare v. Darken Architectural Wood, No. 11 Civ. 46 (JS) (AKT), 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012) ("[T]he Court is unable to make a determination whether the Defendants have a meritorious defense since no such defense has been presented to the Court.").

The Government argues that Defendant's failure to present any defenses indicates a lack of a meritorious defense.  See ECF No. 8-1 at 5. This Court agrees.  Here, despite proper service of process, Defendant did not file any answer to the complaint or presented any defense to the

Court by any other method.  This Court also notes the general difficulty of interposing a complete defense to the Government's claim for unpaid tax liabilities.  Generally, the Government's tax assessment is "entitled to a presumption of correctness."  United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994).  A taxpayer who wishes to challenge the validity of a tax assessment "bears the burdens both of production and of persuasion."  Id.  It is not enough for the taxpayer to deny owing tax liabilities or show partial payments.  See, e.g., United States v. Chesir, 526 F. App'x 60, 62-63 (2d Cir. 2013) (noting that defendant's partial tax payments "do little to rebut the presumption of correctness afforded IRS deficiency calculations") (citation & internal quotation marks omitted).  The taxpayer must show that the assessment is "without rational foundation" or "arbitrary and erroneous."  Ruth v. United States, 823 F.2d 1091, 1094 (7th Cir. 1987) (citing United States v. Janis, 428 U.S. 433, 441-42 (1976)); see Ruth v. United States, 661 F. Supp. 652, 654 (N.D. Ill. 1986) ("[P]laintiff proffered the revenue agent's testimony and the IRS manual to show some sort of procedural irregularity in the assessment. [. . .] The proffered evidence is not probative of this issue and was therefore properly excluded."), aff'd, 823 F.2d at 1094 ("Nothing in [plaintiff]'s offer of proof showed that the investigation leading to the assessment was without any rational foundation. We cannot conclude that the district court abused its discretion in declining to admit evidence of mere procedural improprieties in the assessment."); see also Moretti v. Comm'r, 77 F.3d 637, 643 (2d Cir. 1996) (holding that the taxpayer clearly rebutted the correctness of the IRS's determination that taxpayer's filing status was "married filing separately" by presenting marriage certificate and proving co-habitation).  Accordingly, this factor also weighs in favor of granting a default judgment, and the allegations in the Government's complaint are deemed admitted.

### 3.    Prejudice

This Court turns to the last factor to consider whether the Government would be prejudiced if the motion for default were to be denied.  "A plaintiff may demonstrate prejudice by showing that delay will result in the loss of evidence, create increased difficulties of discovery, provide greater opportunity for fraud and collusion, or that her ability to pursue the claim has been hindered since the entry of the judgment."  Crawford v. Nails on 7th By Jenny Inc., No. 18 Civ. 9849 (ER), 2020 WL 564059, at *4 (S.D.N.Y. Feb. 5, 2020) (citations & internal quotation marks omitted).

The Government argues that it would be significantly prejudiced if the motion were denied because it would be inhibited from collecting Defendant's tax liability.  See ECF No. 8-1 at 5.  Indeed, courts in this district have recognized that denying default judgment in favor of the Government in a tax liability case would be prejudicial because "the Government [would] have no alternative legal redress to recover the unpaid taxes, penalties, and interest."  Myers, 236 F. Supp. 3d at 709 (recommending that motion for default judgment be granted in favor of the Government in tax liability case); Silverman, 2017 WL 745732, at *4 (same); United States v. Ireland, No. 15 Civ. 3397 (JS) (AYS), 2016 WL 5376248, *5 (Aug. 8, 2016) (same), R&R adopted, 2016 WL 5372801 (E.D.N.Y. Sept. 26, 2016).  This Court agrees that if the motion were not granted, the Government would lack alternative legal redress against Defendant.

Based on the foregoing, this Court finds that all three factors necessary to enter a default judgment have been satisfied.

### 4.    The Government's Valid Claim

Before recommending that default judgment be entered against Defendant, this Court also considers whether the Government asserted a valid claim.  "A court's decision to enter a default

against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on [a plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." Bricklayers, 779 F.3d at 187.  A default constitutes an admission of all well-pleaded factual allegations in the complaint.  See Isigi v. Dorvilier, 795 F. App'x 31, 33 (2d Cir. 2019).  "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). The question is thus whether the allegations in the complaint, if accepted as true, establish liability for the plaintiff's claims.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981) (noting that "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action").

"The district courts of the United States . . . shall have jurisdiction to make and issue in civil actions . . . orders . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402.  Pursuant to Section 7401, the United States may bring civil actions to collect penalties, fines and taxes in cases where the Secretary of the Treasury consents to the proceedings, and the Attorney General or his agent authorizes that the action be commenced.  See 26 U.S.C. § 7401; see Myers, 236 F. Supp. 3d at 708 (finding that the Government satisfied its pleading obligation by allegation that defendant's taxes, fines and penalties are due and owing and that the suit was commenced with proper authorization).  Section 6702 states that a person shall pay a penalty of $5,000 if such person files a tax return that "does not contain information on which the substantial correctness

of the self-assessment may be judged" or "contains information that on its face indicates that the self-assessment is substantially incorrect."  26 U.S.C. § 6702.

Here, the Government alleged that this action was commenced with the authorization of the delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States.  See ECF No. 1 at 1.  According to the Government, Defendant failed to pay her full tax liabilities for the tax period ending on December 31, 2008.  See id. ¶ 3.  Because Defendant failed to pay her full tax liabilities, a delegate from the Secretary of Treasury made an assessment against Defendant for the unpaid taxes, penalties and interest for that tax period.  See id. ¶ 3.  Despite notice and demand, Defendant allegedly refused or failed to pay her tax liabilities.  See id. ¶¶ 4-5.  The Government also alleged that Defendant's 2008 tax return did not contain information on which substantial correctness of the self-assessment may be judged and contained information that indicated that Defendant's self-assessment was substantially incorrect.  See id. ¶¶ 6-7.  A delegate from the Secretary of Treasury also made an assessment of against Defendant for civil penalties.  See id. ¶ 8.  Despite notice and demand, Defendant allegedly refused or failed to pay her civil penalties.  See id. ¶¶ 9-10.  These allegations state valid claims under Section 7401 and Section 6702.

Given that all three factors necessary to enter a default judgment have been satisfied and the Government's well-pleaded factual allegations properly state valid claims for tax liabilities and civil penalties due and owing, this Court respectfully recommends that default judgment be entered against Defendant.

### E.  Damages

Although a party's default is viewed as a concession of all well-pleaded allegations of liability, it is not considered an admission of damages.  See Gomez v. 4 Runners, Inc., 769 F.

App'x 1, 2 (2d Cir. 2019) (noting that, on default judgment, a court must "accept[] as true all factual allegations in the complaint except those relating to damages") (citations omitted).  A plaintiff must still prove damages with "reasonable certainty."  See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  Damages may be established by detailed affidavits or documentary evidence.  See, e.g., Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) (noting that the Second Circuit has upheld award of damages where the court relied upon detailed affidavits and documentary evidence); Romanowicz v. Alister & Paine, Inc., No. 17 Civ. 8937 (PAE) (KHP), 2018 WL 4762980, at *3 (Aug. 3, 2018), R&R adopted, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018) ("In lieu of a hearing, courts may rely on detailed affidavits or documentary evidence to evaluate the [amount of damages].").  "[T]he only question remaining is whether [p]laintiff has provided adequate support for the damages sought." Flanagan as Tr. of Gen. Bldg. Laborers' Local 66 Vacation Fund v. T.R. Whitney Inc., No. 19 Civ. 0415 (JS) (AKT), 2020 WL 7000848, at *8 (Aug. 26, 2020), R&R adopted, 2020 WL 6304941 (E.D.N.Y. Oct. 28, 2020); see Gutman v. Klein, No. 03 Civ. 1570 (BMC) (RML), 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)), R&R adopted, 2010 WL 4916722 (E.D.N.Y. Nov. 24, 2010).

As part of damages in a tax liability case, the Government "may seek to recover not only delinquent tax obligations but statutory interest and penalties when the taxes are not timely paid."  United States v. Crichlow, No. 02 Civ. 6774 (NG) (CLP), 2004 WL 1157406, at *3 (Apr. 9, 2004), R&R adopted, 2004 WL 1926117 (E.D.N.Y. Jul. 16, 2004).  "With the exception of

civil fraud penalty assessments, an IRS notice of tax deficiency is presumed to be correct."
United States v. Letscher, 83 F. Supp. 2d 367, 372 (S.D.N.Y. 1999).[5]

Here, the Government seeks damages in the amount of $798,658.88, which represents Defendant's liability through May 19, 2020 for unpaid tax liabilities in the amount of $796,739.74 and unpaid civil penalties in the amount of $1,919.14 for the tax period ending December 31, 2008.  See ECF No. 8 at 1.  This amount includes assessment of late-filing and late-payment penalties under 26 U.S.C. § 2261, all abatements, payments, and credits.  See id. In addition to this amount, the Government requests prejudgment interest running from May 20, 2020.  See id.

In support of the request, the Government submitted the Declaration of Mark Hendrix, an advisor for the Internal Revenue Service with the IRS New York Advisory Group.  See ECF No. 8-2.  As part of his regular duties, Mr. Hendrix is asked to retrieve, review and interpret taxpayer records in the IRS's internal filing systems.  See id. ¶ 1.  Mr. Hendrix was asked to provide balance information for the outstanding income tax liability of Defendant for the period ending December 31, 2008, and for the unpaid civil penalties assessed for that same period.  See id. ¶ 2. In preparing his declaration, Mr. Hendrix accessed the IRS Information Data Retrieval System computer database, which provides the balance owing for any taxpayer for any specified tax period.  See id.  According to the data he reviewed, Mr. Hendrix avers that, as of May 19, 2020,

---

[5]  Civil fraud penalties may only be imposed "if the Commissioner proves by clear and convincing evidence that the taxpayer acted with an intent to evade paying taxes."  United States v. Crichlow, No. 02 Civ. 6774 (NG), 2004 WL 1157406, at *5 (Apr. 9, 2004), R&R adopted, 2004 WL 1926117 (E.D.N.Y. July 16, 2004); see Schaffer v. Comm'r, 779 F.2d 849, 857 (2d Cir. 1985) ("The burden of proving that a false or fraudulent return was filed with intent to evade tax is on the Commissioner, 26 U.S.C. § 7454(a), and such proof must be made by clear and convincing evidence[.]") (citations omitted).

25

Defendant has an unpaid tax liability of $796,739.74 and unpaid civil penalties of $1,919.14. See id. ¶ 3.

This Court notes that the Government's proof of damages could have been stronger. Mr. Hendrix's declaration does not represent the accuracy of the information available on the IRS Information Data Retrieval System computer database. Mr. Hendrix does not attest that he reviewed the hard copy account transcripts of Defendant's records or that he compared the IRS computer and hard copy records of Defendant's tax liability for tax year 2008. Mr. Hendrix's declaration does not attach the "INTST Report," which was the direct source of information for the amount due and owing from Defendant. Mr. Hendrix does not to provide any details of the late-filing and late-payment penalties assessed against Defendant under 26 U.S.C. § 6651.

Yet, an award of damages is appropriate on this proof because it is well-established that an IRS notice of tax liabilities is presumed to be correct, and it is the taxpayer's burden to prove that the tax deficiency is incorrect. See McCombs, 30 F.3d at 318. Thus, where, as here, Defendant has failed to respond to the complaint and has not challenged the Government's assessment of tax liabilities, courts generally award the amount of damages alleged by the Government to be due and owing. See, e.g., Myers, 236 F. Supp. 3d at 710 (presuming the Government's claim for tax liabilities to be correct and awarding such damages on default judgment); McDermott, 2014 WL 1272566 at *7 (same). This Court thus respectfully recommends that the Government be awarded damages in the amount of $798,658.88.

The Government additionally seeks interest and statutory accruals against Defendant on the unpaid tax liabilities from May 20, 2020 until any judgment is paid in full. See ECF No. 8. Under 26 U.S.C. § 6602, the Government is entitled to interest on unpaid tax liabilities based on the underpayment rate set forth in 26 U.S.C. § 6621. See 26 U.S.C. § 6602. That underpayment

rate is the sum of the Federal short short-term rate plus three percentage points.  See 26 U.S.C. § 6621(2).  In addition, such interest should be compounded daily.  See 26 U.S.C. 6622.  Thus, this Court respectfully recommends that the Clerk of Court be directed to calculate prejudgment interest from May 20, 2020.[6]

## III.   CONCLUSION

Based on the foregoing, this Court respectfully recommends that:

1.   The Government's motion for default judgment be granted in its entirety;

2.   A judgment be entered in favor of the Government against Defendant for $798,658.88, along with prejudgment interest from May 20, 2020.

## IV.   OBJECTIONS

A copy of this report and recommendation will be provided to the Government via ECF. The Clerk of the Court is respectfully requested to mail a copy of this report and recommendation to Raywattie Kumar at 168-27a, 105th Avenue, Jamaica, New York 11433.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district

---

[6] The Federal short term-rate is currently 0.11% for March 2021, but the rate is subject to change. See Internal Revenue Service, Index of Applicable Federal Rates (AFR) Rulings, https://apps.irs.gov/app/picklist/list/federalRates.html (last visited Mar. 19, 2021); 26 U.S.C. § 6621(b)(1) (directing the determination of the Federal short-term rate for the first month in each calendar quarter).

court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir.

2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any

further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
      March 19, 2021

                                _____*Vera M. Scanlon*_____
                                    VERA M. SCANLON
                            United States Magistrate Judge