UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,          :
                                   :
                    Plaintiff,     :
                                   :          **SUPPLEMENTAL**
         - against -               :   **REPORT AND RECOMMENDATION**
                                   :
RAYWATTIE KUMAR,                   :        No. 19 Civ. 4501 (ENV) (VMS)
                                   :
                    Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Vera M. Scanlon, United States Magistrate Judge:**

On March 19, 2021, this Court issued a report and recommendation to the Honorable Eric

N. Vitaliano on the Government's motion for default judgment recommending that: (i) the

Government's motion be granted; and (ii) a judgment be entered against Defendant Raywattie

Kumar in the amount of $798,658.88, plus prejudgment interest from May 20, 2020. See ECF

No. 16. Such recommendation was based on, inter alia, the Government's proper service of

process on Defendant and Defendant's willful default in this action.

Despite having failed to answer or otherwise respond to the complaint since October

2019 or to oppose the Government's motion for a default judgment since June 2020, Defendant

belatedly contacted the Court regarding this action.[1] In her letter, Defendant stated that she

received the Government's supplementary briefing regarding the proof of service of process on

Defendant. See ECF No. 17. Defendant argues that service of process through her daughter in

---

[1] From the envelope, it appears that Defendant's correspondence was post-marked on March 16, 2021 and was sent by priority mail one-day delivery addressed directly to the undersigned at 225 Cadman Plaza East, 1214 South, Brooklyn, New York 11201. See ECF No. 17. In light of the COVID-19 pandemic, it is unclear when the correspondence was delivered. The correspondence was not received by this Court until after the report and recommendation was filed.

1

October 2018 was improper because the daughter was fifteen years old at the time.  See id.  It is unclear whether Defendant was aware of this action prior to receipt of the Government's supplementary briefing or whether Defendant received any other materials sent to her by the Government or this Court.  Defendant does not contest any other aspect of the Government's service of process.  For the reasons stated below, Defendant's correspondence does not change this Court's recommendation that the Government's default judgment motion be granted.

Defendant contends that service of process on her daughter pursuant to CPLR 308(2) was improper because of her daughter's age at the time.  See id.  This Court disagrees.  The original and amended affidavits of service establish that the Government served Defendant by leaving copies of the summons and complaint with "C.C. as daughter," a "suitable age person," at 168-27a 105th Avenue, Jamaica, New York 11433.  See ECF No. 5; ECF No. 14-1.  According to Defendant, her daughter was fifteen years old in October 2018.[2]  See ECF No. 17.  Defendant takes the position that "service on a fifteen-year-old is not proper in New York."  See id. (alteration in original).  Defendant's position is not supported by the case law.  New York courts have held that a fifteen-year-old is a person of suitable age and discretion upon whom process may be served.  See, e.g., Marathon Structured Asset Sols. Tr. v. Fennell, 153 A.D.3d 511, 512 (2d Dep't 2017) (finding that service of process was properly effected on 15-year-old as person of suitable age and discretion under CPLR Section 308(2); Wells Fargo Bank, N.A. ex rel. Certificate Holders of Morgan Stanley ABS Capital Inc., 23 Misc. 3d 1107(A), 2009 WL 962145, at *1 (Sup. Ct. Westchester Cnty. Mar. 5, 2009) (finding that individual who was 15 years and 9 months old was a person of suitable age and discretion to receive process under

---

[2] From Defendant's submission, it is unclear what age "C.C." was at the time she received service of process on August 22, 2019.  Whether "C.C." was aged fifteen or sixteen at the time, this Court's analysis does not change.

CPLR Section 308(2)). There is also some legislative support for the proposition that a person fourteen years or over is old enough to be served with process. See Vincent C. Alexander, N.Y. C.P.L.R. § 309, Supplementary Prac. Comments. C309:1 (2012) (discussing the procedure for service of process on an infant and advising that, if the infant is 14 years or older, personal service must also be made on the infant).

The relevant inquiry when determining whether an individual is a person of "suitable age and discretion" is whether the individual is "reasonably likely to convey notice to the defendant." City of New York v. Chem. Bank, 122 Misc. 2d 104, 108-09 (Sup. Ct. N.Y. Cnty. 1983) ("The person to whom delivery is made must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant."); see Durham Prods., Inc. v. Sterling Film Portfolio, Ltd., Series A, 537 F. Supp. 1241, 1244 (S.D.N.Y. 1982) (rejecting defendant's argument that 12-year-old son was not a person of "suitable age and discretion" because defendant failed to show that son did not possess the intelligence to deliver the papers to his father). Here, Defendant's submission does not address "C.C.'s" level of maturity, understanding or responsibility nor raises any questions regarding "C.C.'s" ability to deliver the summons and complaint to Defendant. See ECF No. 17. Defendant does not deny that she received the summons and complaint from her daughter. Defendant is silent on whether she was aware of this action against her. Defendant thus fails to rebut the "prima facie evidence of proper service." Old Republic Ins., 301 F.3d at 57.

This Court does not find sufficient reason to hold a traverse hearing or to find that the Government's service on "C.C." was improper. This Court's recommendation remains the same: the Government's motion for default judgment against Defendant should be granted and

judgment should be entered against Defendant in the amount of $798,658.88, plus prejudgment interest from May 20, 2020.[3]

## I.    OBJECTIONS

A copy of this report and recommendation will be provided to the Government via ECF. The Clerk of the Court is respectfully requested to mail a copy of this report and recommendation to Raywattie Kumar at 168-27a 105th Avenue, Apartment A1, Jamaica, New York 11433.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
       March 29, 2021

_Vera M. Scanlon_
VERA M. SCANLON
United States Magistrate Judge

---

[3] In making this recommendation, the Court notes the multiple notices sent to Defendant by the Government and the Court, to which there was no response. See, e.g., ECF No. 11-13; Docket Scheduling Order 12/18/2020.